<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WARNER CHILCOTT COMPANY, LLC, | : : : | |
| Plaintiff, | : : : | Civil Action No. 11-6844 (JAP) |
| v. | : : : | |
| MYLAN INC., et al., | : : : | |
| Defendants. | : : | |
| WARNER CHILCOTT COMPANY, LLC, | : : : | |
| Plaintiff, | : : : | Civil Action No. 11-7228 (JAP) |
| v. | : : : | |
| LUPIN LTD., et al. | : : : | **MEMORANDUM & ORDER** |
| Defendants. | : : | |

This matter mater comes before the Court on Plaintiff Warner Chilcott Company, LLC's ("Plaintiff" or "Warner Chilcott") application to compel certain discovery from Defendants Mylan Inc., Mylan Pharmaceuticals Ltd. (collectively, "Mylan"), Lupin Ltd., Lupin Pharmaceuticals, Inc. (collectively, "Lupin"), and Famy Care Ltd. ("Famy Care"). Plaintiff seeks (1) documents relating to development of Mylan and Lupin's respective ANDA products, including documents relating to development formulations which preceded and underlie Defendants' final ANDA product formulations; and (2) an Order compelling Defendant Famy Care to produce Mahesh Gupta and Anup Parekh for Rule 30(b)(1) depositions in the United

States. Defendants have opposed Plaintiff's application. The Court has considered the Parties' submissions and heard argument on May 22, 2013. For the reasons stated on the record and for those that follow, Plaintiff's application is **GRANTED**, in part, and **DENIED**, in part.

## I.

Plaintiff developed two chewable and palatable oral contraceptive products covered by U.S. Patent No. 6,667,050 ("the '050 patent"), Femcon® Fe (which was first marketed in November 2006) and Generess® Fe (which was first marketed in May 2011). Pl.'s Letter at 1. Mylan and Lupin have each sought to develop generic versions of Femcon® Fe and Generess® Fe. Id. at 2. In this action, Plaintiff asserts that Defendants' respective generic versions of Generess® Fe infringe the '050 patent. Id. at 1. Critical to the instant application, Plaintiff further claims that in each case, Defendants' development of their generic Femcon® Fe products preceded their development of their generic Generess® Fe products. Id. at 2.

## II.

Of course, the scope of discovery in federal litigation is broad. See FED. R. CIV. P. 26(b)(1). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Id. Information sought by the parties need not be admissible at trial if it is "reasonably calculated" to lead to admissible evidence. Id.

The precise boundaries of the Rule 26 relevance standard depend upon the context of each particular action, and the determination of relevance is within the discretion of the District Court. See Barnes Found. v. Twp. of Lower Merion, 1996 WL 653114, at *1 (E.D. Pa. Nov. 1, 1996). Importantly, "courts have construed this rule liberally, creating a broad vista for discovery." Takacs v. Union County, 2009 WL 3048471, at *1 (D.N.J. Sept. 23 2009) (citing Tele-Radio Sys. Ltd. v. DeForest Elecs., Inc., 92 F.R.D. 371, 375 (D.N.J. 1981)); see also

Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Evans v. Employee Benefit Plan, 2006 WL 1644818, at *4 (D.N.J. Jun. 6, 2006). Thus, the relevancy standard is satisfied, and discovery requests should be granted, if there is any possibility that the information sought may be relevant to the general subject matter of the action. Oppenheimer, 437 U.S. 340, 351. "However, the burden remains on the party seeking discovery to 'show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence.'" Takacs, 2009 WL 3048471, at *1 (citation omitted).

### III.

Plaintiff seeks (1) documents relating to development of Myland and Lupin's respective ANDA products, in particular documents relating to development formulations which preceded and underlie Defendants' final ANDA product formulations (i.e., documents relating to Mylan and Lupin's work in developing Femcon ® Fe); and (2) an order compelling Defendant Famy Care to produce Mahesh Gupta and Anup Parekh for FED. R. CIV. P. 30(b)(1) depositions in the United States. Plaintiff's requests will be addressed in turn.

A.   **Defendants' ANDA Product Development**

Plaintiff seeks an order directing Defendants to search for and produce documents generated during their research and development efforts relating to their generic versions of Femcon® Fe. Plaintiff's requests are intended to learn, inter alia, "how Defendants arrived at the formulation of its current generic product, why they use particular ingredients in that product and what testing was done as part of their development work." Pl.'s Letter at 2.

Plaintiff and Defendants Mylan and Famy Care have reached an agreement as to this issue. Mylan and Famy Care will conduct agreed-upon searches for, and produce documents

relating to, the development of their bioequivalent version of Plaintiff's Femcon ® Fe product. Mylan Letter at 1. This portion of Plaintiffs' application is therefore moot.

Lupin, however, opposes Plaintiffs' application. Lupin contends the discovery sought is not relevant to either invalidity or infringement. Lupin Letter at 2. The Court agrees with Lupin that the information sought does not bear on invalidity. The issue of infringement, though, requires some attention.

Defendants, including Lupin, dispute whether their accused generic products are palatable. Thus, according to Plaintiff, "how Defendants developed their generic product, why they use a sweetener and a flavoring agent in their generic product, [] what testing Defendants did on their generic product[,] and any development formulations that preceded the final product are directly relevant [to] whether their accused products are palatable." Pl.'s Letter at 4. Plaintiff claims Lupin's Femcon® Fe information is relevant because it shares a developmental history with Lupin's Generess® Fe. Id.

Lupin opposes Plaintiff's request for two reasons. First, Lupin contends resolution of any infringement issues "requires a comparison of the asserted claims . . . with the finished dosage form described in the Lupin ANDA." Lupin Letter at 2. In other words, "the genesis of the Lupin formulation is irrelevant to the question of whether the finished dosage form described in the Lupin ANDA meets the limitations of the '050 patent's composition claims." Id. Second, Lupin claims Plaintiff has not come forward with sufficient evidence to justify "broad discovery of all documents related to Lupin's Femcon Fe ® ANDA product development." Id.

Lupin's arguments are not persuasive. Lupin's first argument goes too far. The rules governing discovery are intentionally liberal. They should not be read to preclude the information sought here simply because it goes to the development of the product and not the

4

finished product. Indeed, Lupin's position is undermined by Lupin's own request for Plaintiff's documents relating to Plaintiff's development of Generess ® Fe.[1]

Lupin's second argument is likewise unavailing. As a preliminary matter, Lupin's argument appears to go to scope and proportionality as opposed to relevance. The Court is confident, however, that the Parties can craft pointed search terms to facilitate an efficient search of Lupin's documents. In crafting these terms, Plaintiff and Lupin should be guided by Plaintiff and Mylan's efforts to generate similar terms. And, to the extent Lupin contends Plaintiff has not produced sufficient evidence to justify this application, the Court disagrees. To the contrary, Plaintiff has made a threshold showing that the requested information is reasonably calculated to lead to discovery of admissible evidence.

### B. Depositions

Plaintiff seeks to compel Defendant Famy Care to produce two of its Rule 30(b)(1) fact witnesses, Mahesh Gupta and Anup Parekh, for depositions in the United States. According to Plaintiff, Mahesh Gupta authored the key Development Report for Famy Care's generic products and Anup Parekh approved that Development Report. Pl.'s Letter at 5. Messrs. Gupta and Parekh are Indian citizens who reside in India. Mylan Letter at 2.

Plaintiff's application to compel these depositions in the United States is denied without prejudice for two reasons. First, Famy Care has offered to facilitate the requested depositions in India and has expressed its willingness to permit video-conference depositions. There is no risk,

---

[1] Lupin states, "[t]he weak support for Warner Chilcott's request for Lupin's documents stands in stark contrast to Warner Chilcott's withholding of documents describing the basis for the development of its own Generess Fe ® product." Lupin Letter at 3. Warner Chilcott recently agreed to produce the information sought by Lupin under certain conditions. But as both Lupin and Plaintiff have recognized, it is a poor rule that that does not work both ways. Lupin and Plaintiff are therefore directed to meet and confer regarding Plaintiff's outstanding discovery in this regard.

therefore, that the depositions will not take place at all. Second, Plaintiff has noticed several Fed. R. Civ. P. 30(b)(6) depositions of Famy Care representatives which are to be conducted in June 2013. For the reasons stated on the record, the Court believes it is best to conduct the 30(b)(6) depositions and to schedule the depositions of Messrs. Gupta and Parekh, via video-conference, to take place thereafter. However, based on the information learned (or not learned) during the 30(b)(6) depositions, Plaintiff may renew its request to compel Messrs. Gupta and Parekh's deposition in the United States.

Accordingly, for all of the reasons stated on the record and above,

**IT IS** on this 23rd day of May, 2013,

**ORDERED** that Plaintiff's application to compel production of certain discovery from Lupin is **GRANTED**, as set forth above; and it is further

**ORDERED** that Plaintiff's application to compel Famy Care to produce Mahesh Gupta and Anup Parekh for depositions in the United States is **DENIED** without prejudice.

s/ Douglas E. Arpert_____
**DOUGLAS E. ARPERT, U.S.M.J.**
