Arnold B. Calmann (abc@saiber.com)
Jeffrey Soos (js@saiber.com)
Jakob B. Halpern (jbh@saiber.com)
**SAIBER LLC**
One Gateway Center, Suite 1000
Newark, New Jersey 07102-5311
T: (973) 622-3333

Timothy H. Kratz (tkratz@mcguirewoods.com)
Robert L. Florence (rflorence@mcguirewoods.com)
Karen L. Carroll (kcarroll@mcguirewoods.com)
George J. Barry III (gbarry@mcguirewoods.com)
Marcus A. Barber (mbarber@mcguirewoods.com)
**MCGUIREWOODS LLP**
1230 Peachtree Street N.E., Suite 2100
Atlanta, Georgia  30309-3534
T: (404) 443-5500

Attorneys for Mylan Pharmaceuticals Inc.,
Mylan Inc. and Famy Care Ltd.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WARNER CHILCOTT COMPANY, LLC, | Civil Action No. 3:11-cv-06844-JAP-DEA |
| Plaintiff, | (Consolidated with C.A. No. 3:11-cv-07228-JAP-DEA for pretrial purposes) |
| v. | **DECLARATION OF MINAKSI BHATT IN SUPPORT OF DEFENDANTS MYLAN INC., MYLAN PHARMACEUTICALS INC. AND FAMY CARE LTD.'S MOTION TO SEAL AND FOR REDACTION OF ELECTRONIC TRANSCRIPT** |
| MYLAN INC., MYLAN PHARMACEUTICALS INC. and FAMY CARE LTD., | |
| Defendants. | |
| | *DOCUMENT FILED ELECTRONICALLY* |

**MINAKSI BHATT**, of full age, hereby declares as follows:

1. I am employed by defendant Mylan Inc., the parent of defendant Mylan Pharmaceuticals, Inc. (collectively "Mylan"), as Vice President and Assistant Global General

Counsel, Patent Litigation. As part of my duties, I supervise the above-captioned litigation on behalf of Mylan.

2. I submit this declaration in support of Mylan and defendant Famy Care's (collectively "Defendants") Motion to Seal and Redact the following portions of the Transcript of the claim construction hearing before District Judge Joel A. Pisano on June 12, 2013 [see ECF No. 88 in Civil Action No. 11-6844 and ECF No. 87 in Civil Action No. 11-7228] ("Transcript"):

- Page 48, lines 5-6: All words between "tastes like clams" and "MR. CONDE";
- Page 48, lines 8-13: All words between "Your Honor" and "THE COURT"; and
- Page 51, lines 6-10: All words between "palatable flavor" and "THE COURT".

(the "Confidential Information").

3. I have personal knowledge of the facts set forth herein.

4. This case concerns a patent dispute between plaintiff and Defendants related to an Abbreviated New Drug Application ("ANDA") seeking FDA approval to produce and market a generic version of Generess Fe.

5. Defendants compete, and will continue to compete, with others in connection with the development and sale of generic pharmaceutical products in various markets and market segments.

6. Defendants have spent substantial amounts of time and money developing and maintaining their trade secrets and other proprietary information related to their generic pharmaceutical products.

7. Defendants' development and maintenance of their trade secrets and other proprietary information related to these generic pharmaceutical products is ongoing.

8. Defendants' trade secrets and other proprietary information related to their generic pharmaceutical products are highly confidential. Examples of such confidential and proprietary information include information relating to Defendants' pharmaceutical formulations and development of such formulations, and their proprietary methods.

9. Indeed, the federal government requires that the information in an ANDA be kept confidential. For example, the FDA will not, and cannot legally, publicly disclose any applicant's ANDA, and certainly not the details of the proposed product(s) set forth within the ANDA.

10. Additionally, all such confidential and proprietary information is maintained as such by Defendants.

11. The Defendants' Confidential Information contains or refers to highly-sensitive confidential and proprietary information found in the ANDA.

12. This confidential material has always been considered confidential by Defendants and the FDA, both prior to and throughout this litigation.

13. If Defendants' Confidential Information found herein were to become available to the public or Defendants' competitors, Defendants would suffer serious commercial injury.

14. In addition to the serious commercial injury to Defendants that would be occasioned by an unprotected public disclosure of Defendants' Confidential Information, such disclosure also would pose a substantial risk of harm to the parties' respective competitive positions. The pharmaceutical industry is highly competitive, and Plaintiff and Defendants are actual or potential competitors of one another within this industry to varying degrees in connection with a range of products. Therefore, disclosure of Defendants' highly confidential

commercial information would adversely affect and seriously damage Defendants' competitive position in the marketplace.

15. Accordingly, it is respectfully requested that the Court protect Defendants' highly confidential trade secrets and grant Defendants' Motion to Seal and Redact.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*Minaksi Bhatt*
**MINAKSI BHATT**

Dated: 8/8/13