**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| WARNER CHILCOTT COMPANY, LLC, | ) ) ) | Civil Action No. 3:11-cv-06844-JAP-DEA |
| Plaintiff, | ) ) ) | (Consolidated with C.A. No. 3:11-cv-07228-JAP-DEA for pretrial purposes) |
| v. | ) ) | *DOCUMENT FILED ELECTRONICALLY* |
| MYLAN INC., MYLAN PHARMACEUTICALS INC. and FAMY CARE LTD., | ) ) ) | Return date: September 3, 2013 |
| Defendants. | ) ) ) ) | |

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW
IN SUPPORT OF DEFENDANTS MYLAN INC., MYLAN PHARMACEUTICALS INC.
AND FAMY CARE LTD.'S MOTION TO SEAL
AND REDACT THE ELECTRONIC TRANSCRIPT**

Arnold B. Calmann (abc@saiber.com)
Jeffrey Soos (js@saiber.com)
Jakob B. Halpern (jbh@saiber.com)
**SAIBER LLC**
One Gateway Center, Suite 1000
Newark, New Jersey 07102-5311
T: (973) 622-3333

Timothy H. Kratz (tkratz@mcguirewoods.com)
Robert L. Florence (rflorence@mcguirewoods.com)
George J. Barry III (gbarry@mcguirewoods.com)
Karen L. Carroll (kcarroll@mcguirewoods.com)
Marcus A. Barber (mbarber@mcguirewoods.com)
**MCGUIREWOODS LLP**
1230 Peachtree Street N.E., Suite 2100
Atlanta, Georgia 30309-3534
T: (404) 443-5500

Dated: August 9, 2013

**INTRODUCTION**

Pursuant to Local Civil Rule 5.3(c), Defendants Mylan Inc., Mylan Pharmaceuticals Inc., and Famy Care Ltd. (collectively "Defendants") hereby submit Proposed Findings of Fact and Conclusions of Law in support of their Motion to Seal and Redact an Electronic Transcript. Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of:

(a) the nature of the materials or proceedings at issue;

(b) the legitimate private or public interest which warrant the relief sought;

(c) the clearly defined and serious injury that would result if the relief sought is not granted; and

(d) why a less restrictive alternative to the relief sought is not available.

Defendants seek to seal and redact the following portions of the Transcript of the claim construction hearing before District Judge Joel A. Pisano on June 12, 2013 [see ECF No. 88 in Civil Action No. 11-6844 and ECF No. 87 in Civil Action No. 11-7228] ("Transcript"):

- Page 48, lines 5-6: All words between "tastes like clams" and "MR. CONDE";
- Page 48, lines 8-13: All words between "Your Honor" and "THE COURT"; and
- Page 51, lines 6-10: All words between "palatable flavor" and "THE COURT".

(collectively, the "Confidential Information"). Set forth below are the findings of fact and conclusions of law addressing each of the elements required by Local Civil Rule 5.3(c)(2). These findings of fact and conclusions of law support the granting of Defendants' Motion to Seal and Redact the Confidential Information identified herein:

**I.  The Nature of the Materials or Proceedings at Issue**

**A. Findings of Fact**

1. The Confidential Information consists of information found in an

Abbreviated New Drug Application ("ANDA"). Defendants consider this information, and treats this information as, confidential and proprietary material nonpublic trade secrets concerning the formulation, specifications and development of their pharmaceutical product.

    B.  Conclusions of Law

        2.    There exists in civil cases a common law public right of access to judicial proceedings and records. Goldstein v. Forbes (In re Cendant Corp.), 260 F.3d 183, 192 (3d Cir. 2001) (citing Littlejohn v. BIC Corp., 851 F.2d 673, 677-78 (3d Cir. 1988)). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994) (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)).

        3.    This Court has the power to seal where confidential information may be disclosed to the public. Fed. R. Civ. P. 26(c)(1)(G) allows the court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. See Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd., 529 F. Supp. 866, 889-91 (E.D. Pa. 1981).

    II.    **The Legitimate Private or Public Interest which Warrants the Relief Sought**

    A.  Findings of Fact

        4.    The Confidential Information sought to be sealed contains trade secrets that Defendants assert are confidential and proprietary.

        5.    Defendants have an interest in not publicly disclosing this information and rely on such information to gain a competitive advantage in the pharmaceutical industry.

### B. Conclusions of Law

6. Courts have recognized that the presumption of public access is not absolute and may be rebutted. Republic of the Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 662 (3d Cir. 1991). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." Littlejohn, 851 F.2d at 678 (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978)).

7. Courts may deny access to and seal a document when it encompasses business information that might harm a litigant's competitive standing. See Littlejohn, 851 F.2d at 678 (citations omitted).

8. The District of New Jersey has held that the inclusion of trade secrets and other confidential information in documents warrant the sealing of such documents. "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" In re Gabapentin Patent Litig., 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted). "The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." Id. (citations omitted).

9. Information included in an ANDA often consists of trade secrets, and federal law requires ANDAs to remain confidential. See id. at 667 n.7 (citing 21 C.F.R. § 314.430(b)-(d)). As such, a party's confidential processes, chemical formulas and specifications, and research information should be sealed. Gabapentin, 312 F. Supp. 2d at 667-68.

### III. Clearly Defined and Serious Injury Would Result if the Relief Sought is Not Granted

#### A. Findings of Fact

10. As it consists of non-public trade secrets that are otherwise unavailable to third parties, the public disclosure of the Confidential Information found in the Transcript would pose a substantial risk of harm to Defendants' legitimate proprietary interests and competitive position.

#### B. Conclusions of Law

11. The district court has discretion to balance the factors for and against access to court documents. See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 781 (3d Cir. 1994).

12. Protection of a party's interest in confidential commercial information, such as a trade secret, is a sufficient threat of irreparable harm, and is clearly defined as a serious injury. See Publicker, 733 F.2d at 1071.

### IV. No Less Restrictive Alternative is Available

#### A. Findings of Fact

13. Once confidential information is disclosed to the public, it can never again be sealed or maintained as private. Moreover, Defendants' request to seal and redact the Confidential Information is tailored to restrict access only to Defendants' confidential and proprietary nonpublic trade secrets.

14. The disclosure of this confidential, proprietary information would pose a financial and competitive risk to Defendants. Accordingly, the only way to protect Defendants' confidential interests is to seal and redact the identified Transcript.

15. Only those portions of the Transcript from which may be discerned

confidential and proprietary trade secrets will be sealed and redacted.

### B. Conclusions of Law

16. The sealing of confidential documents and information is an accepted practice in the District of New Jersey. See, e.g., In re Gabapentin Patent Litig., 312 F. Supp. 2d 653 (D.N.J. 2004).

17. Under Local Civil Rule 5.3(c)(2), a party seeking to seal documents must meet the fourth prong that no less restrictive alternative to the relief sought is available. See Securimetrics, Inc. v. Iridian Techs., Inc., 2006 WL 827889, at *2 (D.N.J. Mar 30, 2006).

18. For all the above reasons, and because Defendants' interests in the Confidential Information identified herein outweigh the minimal, if any, public interest in its disclosure, there is good cause to grant the instant Motion to Seal and Redact.

Dated: August 2, 2013                Respectfully submitted,

    **SAIBER LLC**
*Attorneys for Defendants Mylan Pharmaceuticals Inc., Mylan Inc., and Famy Care Ltd.*

s/ Arnold B. Calmann
Arnold B. Calmann (abc@saiber.com)
Jeffrey Soos (js@saiber.com)
Jakob B. Halpern (jbh@saiber.com)
**SAIBER LLC**
One Gateway Center, Suite 1000
Newark, New Jersey 07102-5311
(973) 622-3333

Timothy H. Kratz (tkratz@mcguirewoods.com)
Robert L. Florence (rflorence@mcguirewoods.com)
George J. Barry III (gbarry@mcguirewoods.com)
Karen L. Carroll (kcarroll@mcguirewoods.com)
Marcus A. Barber (mbarber@mcguirewoods.com)
**MCGUIREWOODS LLP**
1230 Peachtree Street N.E., Suite 2100
Atlanta, Georgia  30309-3534
(404) 443-5500