

ATTORNEYS AT LAW

Arnold B. Calmann
(973) 645-4828
abc@saiber.com

August 28, 2013

**BY ECF**

Honorable Joel A. Pisano, U.S.D.J.
Clarkson S. Fisher Building
    & U.S. Courthouse, Room 341
402 East State Street
Trenton, New Jersey 08608

Honorable Douglas E. Arpert, U.S.M.J.
Clarkson S. Fisher Building
    & U.S. Courthouse, Room 6W
402 East State Street
Trenton, New Jersey 08608

       Re: *Warner-Chilcott Company, LLC v. Mylan Inc., et al.*
            **Civil Action No. 11-6844 (JAP) (DEA)**

Dear Judge Pisano and Judge Arpert:

     Our firm, along with co-counsel at McGuireWoods LLP, represents defendants Mylan Inc., Mylan Pharmaceuticals Inc. (collectively "Mylan") and Famy Care Ltd. ("Famy Care") in Civil Action No. 11-6844.

     We write to Your Honors because certain remaining scheduling matters, which may need to be resolved by Your Honor Judge Arpert, directly relate to the need for a fixed trial date in this case. For the following reasons, we submit that in order to resolve those remaining scheduling issues with any certainty, we respectfully request that Your Honor Judge Pisano set a trial date herein.

     In light of the fact that the 30-month stay in the Mylan/Famy Care matter expires on April 11, 2014, setting a trial date now, with due consideration for Your Honors' respective schedules, would enable the Court to have sufficient time to complete the remaining discovery and try the case. It also would have the salutary effect of providing sufficient time for the Court to render a decision in advance of the lifting of the stay, thereby avoiding the need for any injunction proceedings before Judge Pisano in advance of trial or a decision.[1]

---

[1] While the present schedule contains a "Trial Ready" date, we are unsure as to whether that date is an indication that the trial date will be immediately thereafter or at some other date not yet established or known to the parties. In an abundance of caution, and because of the significant

Honorable Joel A. Pisano, U.S.D.J.
Honorable Douglas E. Arpert, U.S.M.J.
August 28, 2013
Page 2

## Background

Warner Chilcott has proposed an extension to the remaining case deadlines, the stated need for which is due directly to Warner Chilcott's own dilatory conduct. In principle, Mylan and Famy Care are not opposed to the requested extension, provided the case can be set for trial as close as possible to the current "Trial Ready" date of January 13, 2014. Warner Chilcott's most recent proposal would move the "Trial Ready" date to January 27, 2014, thereby substantially reducing, if not eliminating, any possibility of trying this case in January. Moreover, Warner Chilcott's proposal does not provide for an actual trial date.

Although Warner Chilcott has not objected to setting a trial date, it has declined to join in Mylan and Famy Care's request for setting a trial date now. Respectfully, setting a trial date as close to the current "Trial Ready" date as possible would allow the parties to engineer the schedule to allow for a reasonable extension, and thereby ensure that this case is tried without further delay. That would provide sufficient time for the Court to issue an opinion following trial prior to the expiration of the 30-month stay. Without a certain trial date (as opposed to a "Trial Ready" date), well in advance of the 30-month stay expiration, there may not be sufficient time for Your Honor to try the case and issue a decision prior to the stay expiration.

## Warner Chilcott's Dilatory Conduct

On August 20, 2013, Warner Chilcott proposed extending the remaining deadlines in the case schedule by 31 days (Warner Chilcott's most recent proposal reduces the extension somewhat). The bases for Warner Chilcott's proposal were that (1) the Court's recent Order permitting Lupin Ltd. to amend its contentions, according to Warner Chilcott, warranted further fact discovery and (2) two depositions remain to be taken. *See* Barry Decl. Ex. A. On Friday, August 23, 2013, the parties met and conferred to discuss Warner Chilcott's proposal but could not agree on a proposed modification to the schedule. The parties met and conferred again on Monday, August 26, 2013, but again could not reach agreement.

Warner Chilcott's proposed extension appears calculated and, in any case, is necessitated by Warner Chilcott's own conduct. By way of example, the Defendants first noticed the deposition of Roger Boissonneault, an inventor of the patent and suit and CEO of Warner Chilcott, on March 8, 2013. *See* Barry Decl. Ex. B. Since then, Defendants' efforts to depose Mr. Boissonneault have been frustrated repeatedly by Warner Chilcott's delay in offering deposition dates and unilateral rescheduling of his deposition. *See* Barry Decl. Ex. C. Most recently, Warner Chilcott offered to make Mr. Boissonneault available on August 22, 2013, one week before the current deadline for serving opening expert reports. Defendants accepted the date, notwithstanding the complication the timing would cause to their efforts to serve expert

---

importance of having a fixed trial date with which to "reverse engineer" the remaining scheduling issues, we request that the Court set a fixed date now.

Honorable Joel A. Pisano, U.S.D.J.
Honorable Douglas E. Arpert, U.S.M.J.
August 28, 2013
Page 3

reports. On August 14, 2013, without explanation, Warner Chilcott unilaterally rescheduled Mr. Boissonneault's deposition for September 12, 2013, nearly two weeks following the deadline for opening expert reports. *See* Barry Decl. Ex. C-9.

By way of another example, Warner Chilcott now seeks to depose Famy Care employee Anup Parekh. As the Court may recall, Mr. Parekh was the subject of a previous motion to compel by Warner Chilcott. *See* April 19, 2013 Ltr. from William J. O'Shaughnessy to Judge Douglas E. Arpert. At that time, Warner Chilcott sought to force Mr. Parekh and fellow Famy Care employee Mr. Mahesh Gupta to travel to the United States for depositions. *Id.* Although Mylan and Famy Care offered to cooperate in securing their depositions in India—live or by video—they opposed forcing these individuals, lower level scientists in Famy Care's organization, to come to the United States. *See* April 30, 2013 Ltr. from Arnold B. Calmann to Judge Douglas E. Arpert and Decl. of George J. Barry III dated April 30, 2013. Notably, among the reasons Warner Chilcott cited for its motion was the burden of obtaining permission to conduct the depositions in India, even by video. *See* May 22, 2013, Hearing Tr. ("Hearing Tr.") at 7:10-8:20; 9:18-10:11.

On May 22, 2013, the Court conducted a hearing on Warner Chilcott's motion and denied it without prejudice. *See* Hearing Tr. at 13:23-14:10; ECF No. 77 at 6. The Court further instructed Warner Chilcott to secure deposition dates for Messrs. Parekh and Gupta following the deposition of the head of Famy Care's research and development, Jatin Gajjar, whom Famy Care made available for deposition in the United States. *See* Hearing Tr. at 14:2-4. Warner Chilcott deposed Mr. Gajjar on July 25, 2013.

Two weeks passed. Warner Chilcott made no request to proceed with the depositions of either Mr. Parekh or Mr. Gupta. On August 8, 2013, counsel for Mylan and Famy Care wrote to counsel for Warner Chilcott asking Warner Chilcott to make its intentions known with respect to these individuals. *See* Barry Decl. Ex. D. Nearly another week later, on August 13, 2013, Warner Chilcott responded asking for their depositions either in the United States or by video in India. *See* Barry Decl. Ex. E. Upon inquiry, Warner Chilcott admitted that it had made no effort since the May 22nd hearing—nearly three months—to secure permission to conduct the depositions in India by video.[2] *See* Barry Decl. Ex. F.

To aid in Mylan's and Famy Care's efforts to wrap up discovery without delay, Mr. Parekh, who obtained his U.S. visa following the May 22nd hearing, as instructed by the Court, offered to come to the United State for deposition provided that Warner Chilcott withdraw its notice to depose Mr. Gupta. *See* Barry Decl. Ex. G. Mr. Parekh offered to make himself available August 28 (before opening expert reports are currently due) and September 4 (immediately after opening expert reports are due). Warner Chilcott eventually agreed to

---

[2] Warner Chilcott has yet to identify any authority for the proposition that the Hague Convention requirements do not apply to video depositions conducted in India.

Honorable Joel A. Pisano, U.S.D.J.
Honorable Douglas E. Arpert, U.S.M.J.
August 28, 2013
Page 4

withdraw the notice of Mr. Gupta's deposition but declined the offer to depose Mr. Parekh on August 28 and opted instead for the later date.

Thus, one of Warner Chilcott's asserted bases for extending the discovery deadlines—depositions remaining to be taken—*is a product of its own actions and inaction*. Furthermore, its second basis—the need for further discovery from Lupin in view of Lupin's amended contentions—also appears pretextual. Warner Chilcott now seeks sweeping discovery from Lupin regarding Lupin's use of inactive ingredients (in products not at issue in this case) identified in the asserted claims of the patent in suit. *See* Barry Decl. Ex. A. This information is not relevant. More importantly, however, even assuming *arguendo* that it is relevant, its relevance does not spring from Lupin's amended contentions. And, Warner Chilcott has had more than 16 months to request this information. There simply is no excuse for Warner Chilcott to have waited until *after* discovery has closed. Moreover, respectfully, lingering discovery disputes between Warner Chilcott and Lupin should not delay the trial of Mylan and Famy Care's case.

**Conclusion**

Absent a certain trial date, based on the foregoing history, there is no reason to believe that Warner Chilcott's delayed actions and its inaction will not continue. A trial date (as close as possible to the current "Trial Ready" date of January 13, 2014) would establish a fixed schedule that would require compliance by all the parties, including Warner Chilcott. We are confident that if any discovery issues arise, Your Honor Judge Arpert will resolve them promptly and consistent with a new fixed schedule.

Accordingly, Mylan and Famy Care respectfully request that the Court set this case for a trial date as close as possible to January 13, 2014. We believe that the parties with the assistance of the Court, would then establish a reasonable extension to the remaining discovery deadlines.

Finally, we note that as this letter was being finalized for filing, Warner Chilcott submitted a letter. Mylan and Famy Care, thus, respectfully request an opportunity to review and respond to Warner Chilcott's letter by Friday, August 30, 2013.

We thank Your Honors for the Court's consideration and assistance in this matter.

Respectfully yours,

Arnold B. Calmann

cc: All counsel of record