UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WARNER CHILCOTT COMPANY, LLC, : | |
| : | |
| Plaintiff, : | Civil Action No. 11-6844 (JAP)(DEA) |
| : | |
| v. : | **MEMORANDUM OPINION** |
| : | **AND ORDER** |
| MYLAN INC., *et al.*, : | |
| : | |
| Defendants. : | |

ARPERT, Magistrate Judge

This matter comes before the Court on a Motion by Defendants seeking reconsideration of the Court's December 10, 2014 Order [Dkt. No. 226]. No party has opposed Defendants' Motion. For the reasons set forth below, Defendants' Motion for reconsideration is DENIED.

**I.   BACKGROUND**

A bench trial of this matter was conducted by the Court on January 13-24 and February 21, 2014.[1] During the trial, the Court granted multiple requests by the parties to close the courtroom to the public when certain information was discussed. These portions of the trial transcript are sealed. After the trial concluded, Defendants filed a Motion to seal additional portions of the transcript. *See* Dkt. No. 215. On May 12, 2014, the Court entered an Order granting Defendants' Motion to seal. *See* Dkt. No. 216. Subsequently, it came to the Court's attention that the Order granting Defendants' Motion to seal was improvidently entered. Accordingly, on December 10, 2014, the Court entered an Order vacating the Order granting

---

[1] This action was tried concurrently with *Warner Chilcott Company, LLC. v. Lupin LTD.*, Civil Action No. 11-7228.

Defendants' Motion to seal and denying Defendants' Motion to seal "to the extent that the Motion seeks to seal portions of the trial transcript that are not currently sealed pursuant to the Court's prior rulings." *See* Dkt. No. 224. p. 2-3.

In addressing Defendants' Motion to seal, the Court noted that "Courts have generally denied requests seeking after-the-fact sealing of a transcript of a proceeding that was held in open court." *See Pfizer, Inc. v. Teva Pharm. USA, Inc.*, 2010 WL 2710566, at *4 (D.N.J. July 7, 2010) ("Ex-post facto sealing should not generally be permitted.") (citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 n.1 1 (2d Cir. 2004) (noting that "[o]nce [information] is public, it necessarily remains public" and further stating that "[o]nce the cat is out of the bag, the ball game is over") Accordingly, the Court denied Defendants'Motion to seal finding that Defendants sought to "seal information which has already entered the public domain, as members of the public were free to, and did, observe trial proceedings that were not closed to the public." *See* Dkt. No. 224 at p. 2.

On December 23, 2014, Defendants filed the present Motion seeking reconsideration of the Court's December 10, 2014 Order. In support of their Motion for reconsideration, Defendants assert that the Court was mistaken in its finding that the courtroom was open to the public during trial and claim that the parties and the Court agreed "that the proceedings would be sealed for the duration of trial, and that the sealing of the trial transcript would be dealt with following trial." *See* Dkt. No. 226 at p. 1-2.

## II.     DISCUSSION

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. *United States v. Compaction Sys. Corp.,* 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under

Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment under Rule 60(b). *Id.* In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. *Agostino v. Quest Diagnostics, Inc.,* Civ. No. 04-4362, 2010 WL 5392688, *5 (D.N.J. Dec. 22, 2010) (citing *Bryan v. Shah,* 351 F. Supp. 2d 295, 297 (D.N.J. 2005)).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of a matter which the party believes the Judge "overlooked" when it ruled on the motion. A motion for reconsideration under Rule 7.1(i) "shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge" and submitted with a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i).

The standard for reargument is high and reconsideration is to be granted only sparingly. *United States v. Jones,* 158 F.R.D. 309, 314 (D.N.J. 1994). A judgment may be altered or amended under Rule 7.1(i) if the movant shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 667 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only if its prior decision overlooked a factual or legal issue that may alter the disposition of the matter. *Compaction Sys. Corp.,* 88 F. Supp. 2d at 345.

A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that the evidence was unavailable or unknown at the time of the original hearing. *See Levinson v. Regal Ware, Inc.,* Civ. No. 89-1298, 1989 U.S. Dist. LEXIS 18373, at *3 (D.N.J.

Dec. 1, 1989). "Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of the judgment." *NL Industries, Inc. v. Commercial Union Ins. Co.,* 935 F. Supp. 513, 516 (D.N.J. 1996). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tishcio v. Bontex, Inc.,* 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,* 680 F. Supp. 159, 162 (D.N.J. 1998).

Defendants claim that the parties and the Court agreed that the courtroom would be sealed for the duration of trial and that "[i]t was made clear at the outset of trial that only those individuals subject to the Protective Order would be permitted in the courtroom." *See* Dkt. No. 226 at p. 4. Furthermore, Defendants assert that "the courtroom was closed to the public, and only those individuals who agreed to be bound by the Protective Order were permitted to stay. *See Id.* at p. 5. Defendants assert that these facts were overlooked by the Court in denying Defendants' Motion to seal.

Although Defendants state that the parties and the Court agreed that the courtroom would be sealed for the duration of trial and that the trial was in fact closed to the public, the Court disagrees with Defendants' interpretation of the record. Contrary to Defendants' assertion that the Court was unaware of certain portions of the transcript when the December 10, 2014 Order was entered, the Court did in fact review the trial transcript and found no evidence to support sealing of portions of the transcript beyond what was already sealed pursuant to the previous requests to seal granted by the Court during trial. While Defendants claim that the Court overlooked crucial portions of the record, the Court finds that Defendants are asking the Court to

"rethink what is already thought through—rightly or wrongly," which does not meet the requirements for reconsideration under Local Civil Rule 7.1(i). *Fishbein Fam. P'ship v. PPG Indus.,* No. Civ.A.93—653, 1994 U.S. Dist. LEXIS 18812, at *3 (D.N.J. Dec. 28, 1994). Accordingly, because Defendants have not met their burden of demonstrating that the Court overlooked any factual or legal issue that was brought to the Court's attention but not considered, Defendants' Motion for reconsideration is DENIED.

### III.  CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth above;

**IT IS** on this 3rd day of March, 2015,

**ORDERED** that Defendants' Motion for reconsideration of the Court's December 10, 2014 Order [Dkt. No. 226] is **DENIED**.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge